UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JACQUELINE MELENDEZ,

        *Plaintiff*,

v.

NYU LANGONE HOSPITALS,
KARLOS HERNANDEZ and
KATHLEEN PACINA,

        *Defendants*

ECF Case

Case No.   22-cv-7632

**COMPLAINT**

---

Plaintiff Jacqueline Melendez ("Plaintiff" or "Ms. Melendez"), by her attorneys, Moskowitz & Book, LLP, as and for her Complaint against Defendants NYU Langone Hospitals ("NYU" or "the Hospital"), Karlos Hernandez ("Mr. Hernandez"), *in his individual capacity*, and Kathleen Pacina ("Ms. Pacina"), *in her individual capacity,* (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for damages against defendants for violations of the Family and Medical Leave Act, 29 U.S.C. § 2612 *et seq.* ("FMLA") and disability discrimination in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794 (hereafter the "Rehabilitation Act"), the New York State Human Rights Law, Article 15 N.Y. Exec. Law §290 *et seq.* (hereafter "NYSHRL"), and the New York City Human Rights Laws § 8-101 *et seq.* (hereafter "NYCHRL").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court over this controversy is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in

controversy is greater than $75,000, exclusive of interests and costs. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over related claims brought under the New York Executive Law and under New York State common law

3. Venue in this Court is proper in that defendants maintain principal offices in this District.

## THE PARTIES

4. Plaintiff, Jacqueline Melendez ("plaintiff" or "Ms. Melendez") resides in Keansburg, New Jersey. At all relevant times, she met the statutory definition of an "employee" under all applicable statutes.

5. At all relevant times, defendant, NYU Langone Hospitals, ("NYU" or "the Hospital") is and was a not-for-profit corporation organized and existing under the laws of the State of New York, with various places of business, including Tisch Hospital, located at 550 First Avenue, New York, NY 10016.

6. NYU's address for service of process is NYU Langone Hospitals, Office of the General Counsel, 550 First Avenue, HCC 15, New York, NY 10016.

7. At all relevant times, NYU employed more than 50 employees in New York City and NYU met the definition of an "employer" under all applicable statutes.

8. At all relevant times, NYU received federal funding.

9. Defendant Karlos Hernandez is a Manager employed by Defendant NYU in Patient Access, where he exercises managerial and/or supervisory authority with the authority to hire and fire employees.

10. Karlos Hernandez' address for service of process is NYU Langone Hospitals, Office of the General Counsel, 550 First Avenue, HCC 15, New York, NY 10016.

11. Defendant Kathleen Pacina is a Labor Relations Manager employed by Defendant NYU where she exercises managerial and/or supervisory authority with the authority to hire and fire employees.

12. Kathleen Pacina's address for service of process is NYU Langone Hospitals, Office of the General Counsel, 550 First Avenue, HCC 15, New York, NY 10016.

## FACTS

13. Plaintiff Jacqueline Melendez was hired by NYU on or about October 31, 2016 as an Admitting Representative in the Patient Access Department located at Tisch Hospital.

14. On or about June 24, 2018, Ms. Melendez was promoted to Admitting Supervisor on the overnight shift in the Patient Access Department at Tisch Hospital.

15. Ms. Melendez' performance was at all times satisfactory or better, and she was promoted and given raises in recognition of her excellent performance.

16. On or about October 2019, Ms. Melendez was injured in a car accident outside of work, for which she required medical treatment, including surgery and physical therapy.

17. Immediately following the car accident, Ms. Melendez returned to work and performed her regular duties, despite being in considerable pain from her injuries, which affected her mobility and her ability to sit or stand for an extended period.

18. On or about February 6, 2020, Ms. Melendez applied for FMLA leave through May 11, 2020 to obtain surgery to treat her injuries from the car accident, allow recovery time from surgery, and to obtain physical therapy. She submitted medical documentation to Cigna, the hospital's FMLA and disability administrator.

19. Upon information and belief, Cigna consistently informed NYU about Ms. Melendez' leave requests and approvals, and confirmed that the leave was supported by medical documentation.

20. NYU initially authorized Ms. Melendez to take leave from in or around March 1, 2020 to May 11, 2020.

21. Ms. Melendez continued to report to work until on or about February 28, 2020.

22. In or around March 2020, while she was out on leave, Ms. Melendez contacted Defendant NYU Langone's HR Department and updated them about her physical state and her imminent surgery.

23. On or about March 3, 2020, Ms. Melendez had her first surgical treatment.

24. Shortly thereafter, Ms. Melendez contacted her supervisor, Mr. Hernandez, to notify him of her physical condition and need to recover from surgery and to obtain physical therapy.

25. In or around May 2020, Ms. Melendez submitted additional medical documentation to Cigna and obtained approval of leave through on or about May 25, 2020.

26. As a result of the spread of the COVID 19 pandemic and due to New York's mandated lockdown, Ms. Melendez was unable to receive her scheduled physical therapy.

27. Ms. Melendez also learned from her doctor that she needed a second surgical procedure.

28. On or about July 9, 2020, Ms. Melendez informed Mr. Hernandez of the need for a second surgery.

29. On or about July 13, 2020 Ms. Melendez informed Mr. Hernandez of the need for leave of an additional two months.

30. In or about early July 2020 Ms. Melendez submitted medical documentation to Cigna regarding her back surgery scheduled for July 31, 2020 and her need for continued leave through on or about August 7, 2020.

31. Cigna approved her medical leave through August 7, 2020.

32. Meanwhile, Ms. Melendez's physical therapy continued to be delayed due to the COVID 19 lockdown. Ms. Melendez's physician advised Ms. Melendez that physical therapy was required for her to recover from her injuries and surgery.

33. Ms. Melendez requested an extension of medical leave to October 3, 2020.

34. Ms. Melendez received approval of leave through on or about September 3, 2020.

35. Ms. Melendez, at all relevant times, is and was an individual with a disability; namely she suffers from musculoskeletal system impairments.

36. Ms. Melendez' back and neck injuries, the surgeries, and the recovery periods following surgery were musculoskeletal system impairments that limited her ability to perform manual tasks, walk, stand, sit, lift, and bend.

37. Upon information and belief, NYU has a policy to terminate employees if their need for medical leave extends beyond six months, despite receipt of sufficient medical documentation.

38. On or about August 27, 2020, defendant, Mr. Hernandez, advised Ms. Melendez via email that her six-month leave of absence would end on or about September 3, 2020.

39. Ms. Melendez informed Mr. Hernandez that she was still getting medical treatment and that she had been unable to receive required physical therapy. She further informed Mr. Hernandez that her doctors had advised against her returning to work by on or about September 3, 2020. She asked to extend her leave of absence as a reasonable accommodation of her disability.

40. Ms. Melendez also contacted NYU's labor relations manager, Kathleen Pacina. Ms. Melendez provided an update on her current medical situation and explained her need for an extension of her leave of absence to on or about October 3, 2020 as a reasonable accommodation of her disability.

41. On or about September 3, 2020, Ms. Melendez submitted a formal written request to Defendant NYU's HR Department to extend her leave of absence to on or about October 5, 2020

per her doctor's advice. Ms. Melendez subsequently submitted medical documentation supporting her need for an extension.

42. On or about September 8, 2020, Ms. Pacina informed Ms. Melendez that "since you are not able to return to work in the capacity of a Supervisor, we are releasing you from the position with the Finance Patient Access Department effective September 8th."

43. On or about September 9, 2020, Ms. Pacina reiterated to Ms. Melendez in a "follow up phone conversation" that she had "exhausted the leave benefit under the NYU Langone Health's policy" and that her employment was therefore terminated.

44. On or about September 14, 2020, Ms. Pacina emailed Ms. Melendez to advise that her request for additional leave through October 5, 2020 had been denied, that she had "exhausted the leave benefit (6 months of sick leave) as of September 3, 2020)," and that her employment was terminated effective September 8, 2020.

45. Upon information and belief, Defendant NYU did not fill Ms. Melendez's position until in or around February 2021.

46. By terminating Ms. Melendez' employment immediately following her approved FMLA and disability leave, defendants deprived Ms. Melendez of benefits she was entitled to under FMLA, namely reinstatement to her position upon return from leave.

47. By terminating Ms. Melendez' employment immediately following her approved FMLA and disability leave, defendants retaliated against her for exercising her FMLA rights.

48. At all relevant times, Ms. Melendez suffered from a disability and physical impairment that affected her musculoskeletal system and had a history or record of such impairments as defined by the Rehabilitation Act, the NYSHRL and NYCHRL.

49. With the reasonable accommodation of a finite period of additional leave Ms. Melendez could have performed the essential functions of her position.

50. Defendants failed to reasonably accommodate Ms. Melendez's disability by denying her request for one month of additional leave in violation of the Rehabilitation Act, the NYSHRL and the NYCHRL.

51. Defendants discriminated against Ms. Melendez based on her disability by terminating her employment when she requested one month of additional leave, all in violation of Rehabilitation Act, the NYSHRL and the NYCHRL.

52. The individual defendant, Karlos Hernandez, personally had knowledge concerning plaintiff's disabilities; participated in the discriminatory conduct; and occupied a supervisory position with the power over plaintiff to do more than carry out personnel decisions made by others.

53. The individual defendant, Kathleen Pacina, personally had knowledge concerning plaintiff's disabilities; participated in the discriminatory conduct; and occupied a supervisory position with the power over plaintiff to do more than carry out personnel decisions made by others.

**FIRST CLAIM FOR RELIEF AGAINST NYU FOR VIOLATING THE FMLA**

54. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as if fully set herein.

55. NYU violated the FMLA by not offering to reinstate Ms. Melendez to her position upon completing her FMLA leave.

56. As a result of the Defendant's willful, knowing, and intentional violation of the FMLA, Ms. Melendez sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## SECOND CLAIM FOR RELIEF AGAINST NYU
## FOR FMLA RETALIATION

57. Plaintiff repeats and re-alleges the allegations in the foregoing paragraphs as if fully set forth herein.

58. By reason of the foregoing, Defendant retaliated against Ms. Melendez by terminating her employment as a result of her request for FMLA leave.

59. As a result of the Defendant's willful, knowing, and intentional discrimination, Ms. Melendez sustained substantial losses in earnings and other employment benefits, future pecuniary losses, and suffered and continues to suffer humiliation, mental and physical distress and anguish.

## THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
## FOR DISABILITY DISCRIMINATION UNDER THE REHABILITATION ACT

60. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

61. By reason of the foregoing, plaintiff, because of her disabilities, was denied terms and conditions of employment and was discharged by defendants because she was disabled in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

62. Mr. Hernandez participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the Rehabilitation Act.

63. Ms. Pacina participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the Rehabilitation Act.

64. As a result of the Defendants' willful, knowing, and intentional discrimination, Ms. Melendez sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

### FOURTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS UNDER THE REHABILITATION ACT FOR FAILURE TO ACCOMMODATE PLAINTIFF'S DISABILITY

65. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

66. By reason of the foregoing, Defendants discriminated against Ms. Melendez by failing to accommodate her disability and failing to engage in the required interactive process in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

67. Mr. Hernandez participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the Rehabilitation Act.

68. Ms. Pacina participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the Rehabilitation Act.

69. As a result of the Defendants' willful, knowing, and intentional discrimination, Ms. Melendez sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

### FIFTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DISABILITY DISCRIMINATION UNDER THE NYSHRL

70. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

71. By reason of the foregoing, plaintiff, because of her disabilities, was denied terms and conditions of employment and was discharged by defendants because she was disabled in violation of the NYSHRL, Article 15 § 290 *et seq.*

72. Mr. Hernandez participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NYSHRL.

73. Ms. Pacina participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NYSHRL.

74. As a result of the Defendants' willful, knowing, and intentional discrimination, Ms. Melendez sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

### SIXTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS UNDER THE NYSHRL FOR FAILURE TO ACCOMMODATE PLAINTIFF'S DISABILITY

75. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

76. By reason of the foregoing, Defendants discriminated against Ms. Melendez by failing to accommodate her disability and failing to engage in the required interactive process in violation of the NYSHRL, Article 15 § 290 *et seq*.

77. Mr. Hernandez participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NYSHRL.

78. Ms. Pacina participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NYSHRL.

79. As a result of the Defendants' willful, knowing, and intentional discrimination, Ms. Melendez sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

### SEVENTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS UNDER THE NYCHRL FOR DISABILITY DISCRIMINATION

80. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

81. By reason of the foregoing, Defendants discriminated against Ms. Melendez on the basis of her disability in violation of the NYCHRL § 8-101, 107, and 502 *et seq.*

82. Mr. Hernandez participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NYCHRL.

83. Ms. Pacina participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NYCHRL.

84. As a result of the Defendants' willful, knowing, and intentional discrimination, Ms. Melendez sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

### EIGHTH CLAIM FOR RELIEF AGAINST ALL DEFENDANTS UNDER THE NYCHRL FOR FAILURE TO ACCOMMODATE PLAINTIFF'S DISABILITY

85. Plaintiff repeats and re-alleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

86. By reason of the foregoing, Defendants discriminated against Ms. Melendez by failing to accommodate her disability and failing to engage in the required interactive process in violation of the NYCHRL § 8-101, 107, and 502 *et seq.*

87. Mr. Hernandez participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NYCHRL.

88. Ms. Pacina participated in the discrimination; had the power to make personnel decisions; and aided and abetted the discrimination in violation of the NYCHRL.

89. As a result of the Defendants' willful, knowing, and intentional discrimination, Ms. Melendez sustained substantial losses in earnings and other employment benefits, future pecuniary losses and has suffered and continues to suffer humiliation, mental and physical distress and anguish.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants and grant the following relief:

A. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

B. An award of damages in an amount to be determined at trial, plus pre-judgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish, stress and anxiety, and emotional distress.

C. An award of damages for any and all other monetary and/or non-monetary losses suffered by Ms. Melendez in an amount to be determined at trail, plus prejudgment interest;

D. An award of liquidated and punitive damages;

E. An award of costs that Ms. Melendez has incurred in this action, as well as Ms. Melendez's reasonable attorneys' fees to the fullest extent permitted by law;

F. Such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY
JURY ON ALL CLAIMS FOR RELEIF**

Dated: New York, New York　　　　　　MOSKOWITZ & BOOK, LLP
　　　　September 7, 2022

By: *Molly Smithsimon*
Molly Smithsimon
Chaim B. Book
Moskowitz & Book, LLP
345 Seventh Avenue, 21st Floor
New York, NY 10001
Tel: (212) 221-7999
msmithsimon@mb-llp.com
cbook@mb-llp.com
*Attorneys for Plaintiff Jacqueline Melendez*